UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50335 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-03433-H-1 |
| v. | Southern District of California, San Diego |
| ROOSEVELT KYLE, Jr., | |
| Defendant - Appellant. | ORDER |

Before: SILVERMAN and HURWITZ, Circuit Judges, and VINSON, Senior District Judge.*

The panel has voted to deny Appellant's petition for rehearing, and Judges Silverman and Hurwitz have voted to reject his petition for rehearing en banc and Judge Vinson so recommends.

The full court has been advised of the petition for rehearing en banc, and no active judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

Appellant's petition for rehearing and the petition for rehearing en banc are DENIED.

---

* The Honorable C. Roger Vinson, Senior District Judge for the U.S. District Court for the Northern District of Florida, sitting by designation.

The Clerk is instructed to withdraw the memorandum disposition filed on February 7, 2014 and to file the new memorandum disposition submitted for filing with this order.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROOSEVELT KYLE, Jr.,

Defendant - Appellant.

No. 12-50335

D.C. No. 3:09-cr-03433-H-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted February 4, 2014
Pasadena, California

Before: SILVERMAN and HURWITZ, Circuit Judges, and VINSON, Senior
District Judge.[**]

Roosevelt Kyle, Jr. appeals his conviction and sentence for violation of 18

U.S.C. § 922(g)(1). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. §

3742. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable C. Roger Vinson, Senior District Judge for the U.S.
District Court for the Northern District of Florida, sitting by designation.

Kyle first challenges the district court's denial of his motion to suppress. Kyle was on probation in California state court for having committed a felony, and his probation agreement contained a broad consent-to-search condition. The district court held a search of Kyle's residence by his probation officer was justified by reasonable suspicion, regardless of whether this condition permitted a suspicionless search. *See United States v. Knights*, 534 U.S. 112, 120 n.6 (2001) ("We need not address the constitutionality of a suspicionless search [pursuant to a probation condition] because the search in this case was supported by reasonable suspicion.").

Kyle contends that the district court erred when it based its reasonable suspicion holding on the government's statement of facts in response to Kyle's motion. Kyle argues that the government's rendition of the facts, although not disputed, was an insufficient basis on which to rule that reasonable suspicion existed. Essentially, Kyle argues that the court should have forced the government to prove its proffer, even though he admitted he had no contrary version of the story or additional facts. Rather, his argument at the time was that the facts as proffered by the government did not justify the search.

The district court's decision on the necessity of an evidentiary hearing on a motion to suppress is reviewed for an abuse of discretion. *United States v. Howell*,

231 F.3d 615, 620 (9th Cir. 2000). Although Kyle requested an evidentiary hearing, he never questioned or objected to the accuracy of the government's version at all, much less with the "sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *Id.* Under the circumstances, the district court did not abuse its discretion in ruling on the legal issue without an evidentiary hearing. *Id.* at 621 ("'A hearing will not be held on a defendant's pre-trial motion to suppress merely because a defendant wants one. Rather, the defendant must demonstrate that a "significant disputed factual issue" exists such that a hearing is required.'") (quoting *United States v. Harris*, 914 F.2d 927, 933 (7th Cir. 1990) with a citation omitted). Because Kyle "identified no facts which, if proved, would allow the court" to grant his suppression motion, the district court did not abuse its discretion in declining to conduct an evidentiary hearing. *Howell*, 231 F.3d at 621(noting that "a boilerplate motion that relied wholly on the fact that the government has the burden of proof" does not mandate an evidentiary hearing).

Second, the district court did not err in denying the motion to suppress. The unchallenged facts put forth by the government clearly demonstrated a reasonable suspicion that Kyle was engaged in criminal activity and that evidence of that criminal activity would be found at his home. *Knights*, 534 U.S. at 122.

Third, 18 U.S.C. § 922(g)(1) does not violate Kyle's Second Amendment right to bear arms. *United States v. Vongxay*, 594 F.3d 1111, 1114 (9th Cir. 2010).

Fourth, the district court properly granted an enhancement under U.S.S.G. § 3C1.1., which provides for a two-point increase if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. § 3C1.1. Kyle missed two sentencing hearings, absconded from San Diego to Los Angeles, and had a bench warrant issued that took 15 months to execute. *See United States v. Petersen,* 98 F.3d 502, 508 (9th Cir. 1996) (holding that willful failure to appear at sentencing supported obstruction of justice enhancement).

Kyle argues that his obstruction was not "willful," contending that he failed to appear because of the shock of finding out right around the Christmas holidays that his wife wanted a divorce , which led him to take solace with friends in Los Angeles. Willful in this context means a defendant "engaged in intentional or deliberate acts designed to obstruct." *United States v. Gilchrist*, 658 F.3d 1197, 1206 (9th Cir. 2011). Kyle's difficult family circumstances may provide an explanation for his obstruction, but it doesn't render it unintentional.

**AFFIRMED**.